UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LARRY D. CATES, | ) |
| Petitioner, | ) ) ) |
| v. | ) No.: 3:20-CV-271-RLJ-HBG ) |
| CHIEF STEVENS, | ) ) |
| Respondent. | ) ) |

## MEMORANDUM OPINION

Petitioner Larry D. Cates is a Tennessee inmate proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. 2]. Respondent has filed a motion to dismiss the petition [Doc. 10], and Petitioner has failed to timely respond to the motion. *See* E.D. Tenn. L.R. 7.1. For the reasons set forth below, Respondent's motion [Doc. 10] will be **GRANTED**, and the instant petition will be **DISMISSED** as moot.

## I. ALLEGATIONS OF PETITION

Petitioner was housed at the Knox County Jail awaiting a parole revocation hearing at the time he filed the instant petition [Doc. 2]. Asserting that Knox County has refused to schedule the revocation hearing and is holding him indefinitely, Petitioner requests that this Court order Knox County to either release him or provide him with a revocation hearing [*Id.* at 8].

## II. DISCUSSION

According to the documents submitted in support of Respondent's motion, Petitioner received a parole revocation hearing on August 12, 2020 [Doc. 9-2]. Therefore, the remedy sought in the habeas petition has been provided, and there is no relief that the Court may grant on the claim raised in the petition that has not already been received. Accordingly, the instant habeas

corpus petition is moot. *See, e.g., Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) (noting court does not have jurisdiction to consider case or issue that has "lost its character as a present, live controversy" and lacks "an actual injury that is capable of being redressed by a favorable judicial decision") (citations omitted).[1]

## III. CERTIFICATE OF APPEALABILITY

A petitioner must obtain a certificate of appealability ("COA") before he may appeal this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). A COA will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right" of any claim rejected on its merits, which he may do by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Applying this standard, the Court concludes that a COA should be denied in this case.

---

[1] To the extent Petitioner challenges the parole revocation itself, the Court notes that Petitioner must exhaust such a claim in State court prior to seeking federal relief. *See*, e.g., *Phillips v. Ct. of Common Pleas, Hamilton Cty., Ohio*, 668 F.3d 804, 810 n.4 (6th Cir 2012). In Tennessee, a prisoner may challenge a parole board decision through writ of certiorari in a trial court, which is then appealable to the Tennessee Court of Appeals. *See Strader v. Traughber*, No. M2007-00248-COA-R3-CV, 2008 WL 5204431, at *2 (Tenn. Ct. App. Dec. 11, 2008), *perm. app. denied* (Tenn. Aug. 17, 2009). Petitioner has not demonstrated that he has exhausted a challenge to his parole revocation in State court, and therefore, any challenge to the parole revocation must be dismissed for want of exhaustion.

## IV. CONCLUSION

For the reasons set forth above, Respondent's motion to dismiss [Doc. 10] will be **GRANTED**, and the instant petition for writ of habeas corpus will be **DISMISSED AS MOOT**. A COA from this decision will be **DENIED**.

Further, the Court **CERTIFIES** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on any subsequent appeal. *See* Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

ENTER:

s/ Leon Jordan
United States District Judge